UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES FRANK KOHN,

        Plaintiff,                        Case No. 2:12-cv-128

v.                                     Honorable R. Allan Edgar

JESUS NERI, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Stephenson. The Court will serve the complaint against Defendants Neri, Brand, Bergading, Walters and Bureau of Health Care Services.

**Discussion**

  I.  Factual allegations

Plaintiff James Frank Kohn, a prisoner at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Medical Doctor Jesus Neri, Nurse Practitioner RaeAnn Brand, Register Nurse Jeannie Stephenson, Medical Doctor Unknown Bergading, Dietician Meaghan Walters, and the Bureau of Health Care Services (BHCS).

Plaintiff alleges that as of the date he wrote his complaint, Defendant Brand had not treated his IBS (irritable bowel syndrome) in over eight weeks, had let him go completely untreated for pain, refused to treat his sinus problems and allergies for one year, and refused to treat Plaintiff's migraine headaches despite the fact that Plaintiff has been hospitalized on several occasions because of those headaches. Plaintiff asserts that his migraines and IBS have rendered him bedridden and have forced him to regularly miss chow. In addition, Defendant Brand discontinued his prescription dandruff shampoo, telling Plaintiff that he should continue to cut his hair off. Plaintiff further states that his foot and knees give out regularly, but that Defendant Brand refuses to give him a walking aid or handicap detail. Instead, Defendant Brand gave Plaintiff a brace which doesn't prevent him from falling. In addition, Plaintiff states that although the brace helps, other prisoners steal braces and that he cannot get shoes from Healthcare or the Quartermaster to fit over a brace.

Plaintiff alleges that Defendant Neri altered Plaintiff's medical detail regarding sunglasses to help with migraines because of staff pressure. Defendant Neri told Plaintiff that he could not treat his IBS because he would get in trouble and that Plaintiff needed to see Defendant Brand for his IBS. Defendant Neri told Plaintiff that if he pursued IBS treatment he would lose his only effective pain medication, which actually occurred after Plaintiff wrote a grievance regarding

about the failure to treat his IBS. Defendant Stephenson responded to Plaintiff's step II grievances on medical issues, refusing to provide Plaintiff with appropriate relief.

Plaintiff asserts that Defendant BHCS forces medical providers to go through a pain committee made up of people who've never examined Plaintiff in order to determine whether he is entitled to pain medication. Consequently, Plaintiff is forced to go for days or even months without pain relief. Plaintiff states that Defendant Bergading ordered his IBS medication be discontinued despite the fact that other doctors thought that Plaintiff needed the medication. In addition, Plaintiff claims that his stool sample showed a need for the medication. Defendant Bergading also ordered that Plaintiff be weened off his Nurontin, which controlled Plaintiff's pain, over a period of approximately three weeks. Plaintiff has had to stop exercising because of pain, has been frequently bedridden, has missed many meals because he cannot tolerate standing in line. Plaintiff alleges that he requested mental health treatment, but that on the only date he was scheduled to be seen by a mental health professional, he fell in the medication line and lay on the ice for several minutes before he could make his way back to the housing unit. Plaintiff asserts that he was never rescheduled for his mental health appointment.

Plaintiff alleges that Defendant Walters allows Plaintiff two to three packs of crackers as a snack so that Plaintiff can take his medication with food. However, Defendant Walters has not provided Plaintiff with a reflux diet, despite the fact that other medical professionals recommend such a diet for Plaintiff. Plaintiff claims that he is suffering from extreme reflux and stomach pain. Plaintiff seeks effective pain medication, treatment for his IBS, arch support for his left foot, sinus and allergy treatment. Plaintiff also seeks a cane, so that when his knees give out he doesn't fall. Finally, Plaintiff seeks monetary damages.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights,

not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept.*

of City of Detroit, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Stephenson was personally involved in the activity which forms the basis of his claim. Defendant Stephenson's only role in this action involves the denial of administrative grievances or the failure to act. Defendant Stephenson cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendant Stephenson are properly dismissed for lack of personal involvement.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Stephenson will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Neri, Brand, Bergading, Walters and Bureau of Health Care Services.

An Order consistent with this Opinion will be entered.


Dated: 5/14/2012          /s/ R. Allan Edgar
                          R. Allan Edgar
                          United States District Judge